' [L. A. No. 5210.   Department Two.—August 18, 1919.]

PATTEN & DAVIES LUMBER COMPANY (a Corporation), Appellant, v. AMIGO COMPANY (a Corporation), Respondent.

[1] ACTION FOR LABOR AND MATERIALS—CONTRACT FOR STREET WORK—NOTICE OF DEFECTS—SUFFICIENCY OF.—In an action to recover an alleged balance due for labor and materials furnished in improving streets on defendant's land, the contention that the defendant by its failure to serve upon the contractor a written notice of defects containing a direction as to what steps should be taken to remedy the same was estopped from claiming defective workmanship, is without merit, where the notice served stated the defects and the contract did not either expressly or by implication require that the notice should contain anything more.

[2] ID.—FRAUD OF CONTRACTOR—FAILURE TO SERVE PROPER STATEMENT OF DEFECTS—ESTOPPEL.—In such action, where it appeared that the defects in the work constituted material departures from the contract which were made by the contractor willfully and with intent to cheat and defraud defendant, and that defendant was thereby cheated and defrauded, neither the contractor nor his

assignee is in any position to assert that defendant had waived its right to object to the defects in the work by failing to serve a proper statement of defects.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

G. C. De Garmo for Appellant.

Emmet H. Wilson for Respondent.

LENNON, J.—In this action the plaintiff, as assignee of one F. J. Castellaw, sued to recover a balance alleged to be due for labor and materials furnished in improving streets on defendant's land. The defendant had judgment, from which the plaintiff appeals upon a bill of exceptions. The trial court found that the work done was defective in numerous particulars and that the defendant had paid all that the work was reasonably worth. The principal and practically the only point made in support of the appeal is that the trial court should have found "that the defendant, by reason of its failure to serve upon the contractor a written statement of the defects to be remedied by the contractor to entitle him to a certificate of completion, is estopped to deny the proper performance of the contract by the contractor and from claiming defective workmanship or materials performed and furnished by the contractor."

It might be supposed from this statement of appellant's contention that it would be claimed that no written statement of defects had been delivered by the defendant to the contractor, and that, therefore, the defects having been inadvertently made and never brought to the attention of the contractor, the latter was relieved of the responsibility of remedying them. It appears from its brief, however, that appellant admits that a general statement of defects in grading and oiling had been delivered and admits that the contractor had knowledge of the defects in the work, but insists that the statement was not sufficiently specific to inform the contractor what steps defendant required to be taken to remedy these defects.

This contention of the appellant is wholly and obviously without merit. In the first place, as found by the trial court,

a written statement of defects stating the true and just reasons for refusing to accept the work was delivered. Defendant was, indeed, required by the contract to furnish a statement of defects, but it was not required, either expressly or by implication, to add to this statement directions as to the steps which the contractor should take in order to remedy the defects. [1] Its duty was fulfilled when it stated the defects, indicated that they were departures from the contract and demanded that the contract be carried out.

Moreover, it appears from the unquestioned finding of the trial court that the defects in the work constituted material departures from the contract which were made by the contractor willfully and with intent to cheat and defraud defendant and that defendant was thereby cheated and defrauded. [2] This being so, neither the contractor nor his assignee is in any position to assert that defendant has waived its right to object to the defects in the work by failing to serve a proper statement of defects.

Finally, it appears from the unquestioned findings of the trial court that, several months prior to the alleged completion of the work, defendant had made a partial payment to cover certain concrete work already completed; that, by reason of defects in said work which were fraudulently concealed from defendant, this payment greatly exceeded the value of the work done, and that, by reason of willful departures from the contract, the value of the work done subsequent to the said payment and prior to the alleged completion of the work did not exceed the amount of the excess in the prior payment, wherefore, no sum whatever was due or owing from the defendant to the contractor or to his assignee at the time the suit was filed. We are at a loss to understand how, without undertaking to question these findings, appellant can seriously argue that it should be allowed to recover the full contract price for the work by reason of any insufficiency in the statement of defects delivered by the defendant.

Judgment affirmed, with damages in the sum of $50 for prosecuting a frivolous appeal.

Wilbur, J., and Melvin, J., concurred.